UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

vs. : CR No. 06-091 S

JODIE WALSH :

OBJECTION TO PRE-SENTENCE REPORT

NOW comes the defendant, Jodie Walsh, and objects to the Pre-Sentence Report, in particular, to the loss calculation set out in paragraph 16.

1. The Actual Loss In This Case Is Substantially Less Than $286,300

In this case, PSR calculates the loss at $286,300. This calculation is based on aggregating the checks that are set out in the 51 counts in the indictment. In this case, the defendant submits that the actual loss amount, for guideline calculation purposes, should be $59,225.27. This figure is based on the following. The defendant and her husband had a line of credit in the amount of $69,500, but paid off the sum of $100,025.27. [1] The net of these sums is $30,525.27. If this sum is added to the $28,700 in loss set out in the PSR, at paragraph 9, the total that was received by the defendant is $59,225.27. This more accurately states the loss

[1] See attached closing documents from attorney Paul Sibley, who handled the closing for Mrs. Walsh and her husband.

than the sum of $286,300, which is much greater than the intended loss, which is accurately reflected in the sum of $59,225.27.

| | |
|---|---|
| Line of credit | $69,500 |
| Paid off by Walsh | $100,025.27 |
| Net | $30,525.27 |
| Loss Commerce Bank | $28,700 |
| | $59,225.27 |

In her acceptance of responsibility letter, Jodie Walsh acknowledges that she needed about $60,000 to complete her house. The $286,300 figure reflects many attempts to obtain the $60,000, however, her intent was not to steal the sum of $286,300.

2. Application Of Guidelines

Under Application Note 3(A) of the United States Sentencing Guidelines, the loss for guideline calculation purposes "is the greater of the actual loss or the intended loss." In this case, the actual loss to the victim, Commerce Bank, was in the amount of $28,700. Since Jodie Walsh did receive an additional $30,525.27 from this scheme, the total loss is $59,225.27. The intended loss is the same figure, as evidenced by Mrs. Walsh's acceptance of responsibility statement where she indicates that she needed approximately $60,000 to complete a house. For these reasons, the defendant maintains that her offense level should be increased

six (6) levels under U.S.S.G. § 2B1.1(b)(1)(D). If the Court were to sustain the defendant's objection, the following offense level calculation would apply.

| | |
|---|---|
| Base offense level | 7 |
| Increase for more than $30,000 | 6 |
| Net offense level | 13 |
| Decrease acceptance | -3 |
| | 10 |

With a criminal history category of II, the defendant's sentencing range would be 8 to 14 months, in Zone C of the sentencing guideline table.

JODIE WALSH,
By her attorney,

/s/ EDWARD C. ROY, ESQUIRE
Assistant Federal Public Defender
10 Weybosset Street, Suite 300
Providence, RI 02903
(401) 528 - 4281 (401) 528-4285 fax
Edward_Roy@fd.org

CERTIFICATION

I hereby certify that I served a copy of the within on Richard Rose, AUSA and on Dennis Jenkins, SUSPO on the 6th day of March 2007.

/s/ Edward C. Roy, Esquire